United States District Court
Southern District of Texas

**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAKIESE J.,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-465 |
| | § | |
| WARDEN, PORT ISABEL | § | |
| DETENTION CENTER, *et al.*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"). Petitioner proceeds pro se, without legal representation.[2] He requests the Court grant the Writ of Habeas Corpus, and either order Respondents to release him or to provide Petitioner with a bond hearing. Dkt. No. 1 at 10. For the following reasons, it is recommended the Court deny the Petition.

Petitioner, a national of the Democratic Republic of Congo, is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. Dkt. No. 1 at 1. Petitioner entered the United States around January 4, 2025. Dkt. No. 17 at 2. Petitioner states that he was apprehended shortly after entry and has been detained by immigration authorities ever since then. Dkt. No. 1 at 9. An Immigration Judge denied Petitioner bond on June 2, 2025. *Id.* Afterwards, on September 4, 2025, Petitioner was ordered removed to the Democratic Republic of Congo.[3] *Id.* He filed a timely Notice of

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Because Petitioner proceeds pro se, he receives the benefit of liberal construction of his claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

[3] The Immigration Judge also denied Petitioner's application for asylum and other applications requesting protection from removal. Dkt. No. 17 at 2.

1

Appeal with the Board of Immigration Appeals. *Id*. The appeal remains pending.

Petitioner challenges his current detention by immigration authorities on the grounds that his detention has become unconstitutionally prolonged under the Fifth Amendment of the U.S. Constitution. Dkt. No. 1 at 9-10.[4] In particular, Petitioner argues Respondents have violated his substantive and procedural due process rights under the Fifth Amendment. The Court finds Petitioner's arguments unpersuasive because Petitioner's constitutional claims are not viable.

The Supreme Court's cases "establish only that aliens receive constitutional protections when they have come within the territory of the United States *and* developed substantial connections with this country." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (emphasis added). The problem lies in that the first part—the question of whether "an alien [] has effected an entry into the United States," which, if answered in the affirmative, changes "the legal circumstances" for aliens regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). But without an entry, an alien "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 140 (2020); *see also Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

Petitioner is in the position of a non-entrant alien who lacks access to the due process rights his Petition invokes. *See* Dkt. No. 1 at 9. The fact of his detention at the border is legally significant for the Court's constitutional analysis: because Petitioner has not entered this country but has been stopped at its threshold, there is no substantive due process violation absent evidence that the detention "is imposed for the purpose of punishment." *Gisbert v. U.S. Attorney General*, 988 F.2d 1437, 1440-41 (5th Cir. 1993). Because the Court finds no purpose to punish Petitioner, Petitioner possesses no extra-statutory due process

---

[4] Petitioner states one ground for relief is a "statutory violation" but fails to point to any statute. Dkt. No. 1 at 9. To the extent Petitioner argues his detention is unlawful under the Immigration and Nationality Act, the Court notes that Petitioner is permissibly detained under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

2

rights that have been violated here. Consequently, Petitioner's prolonged detention cannot be relieved by this Court.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) and **GRANT** the MSJ (Dkt. No. 17), and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 1, 2026.

Karen Betancourt
United States Magistrate Judge

3